No. 22539.

ELEANOR D. POWERS *v.* HONORABLE NEIL HORAN,
JUDGE OF THE DISTRICT COURT, CITY AND COUNTY
OF DENVER, STATE OF COLORADO.
(420 P.2d 228)

Decided November 21, 1966.

SAMUAL J. EATON, for petitioner.

LAWRENCE A. LONG, GEORGE G. JOHNSON, JR., for respondent.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in which this court issued a rule directing the above named respondent to show cause why a summary judgment, which was entered by him in an action pending in the district court of the City and County of Denver, should not be set aside.

The petitioner, Eleanor D. Powers, commenced an action in the district court of the City and County of Denver to recover damages for personal injuries resulting from an accident which occurred on June 18, 1964. She was a pedestrian on the sidewalk near the intersection of 13th and Lawrence streets in Denver. Two automobiles collided, one of which catapulted onto the sidewalk and pinned her against a wall. In the action brought by her she named Melvin D. Harris and Robert L. Burleson, the drivers of the two automobiles involved in the collision, as defendants. She also named Melvin R. Harris and the E. B. Millar Coffee Company as defendants. The defendant Burleson was an employee of the coffee company and the car driven by him was owned by the company.

On March 8, 1966, after the issues were joined, the defendant coffee company and Robert L. Burleson filed their Motion for Summary Judgment. This motion was granted on May 6, 1966. Thereafter, the petitioner filed her motion for a new trial, or, in the alternative, to vacate the summary judgment. On August 3, 1966, the motion of petitioner was denied, but the court at that time entered an Amended Summary Judgment. On August 10, 1966, the petitioner filed motion for a new trial or in the alternative for an order setting aside and holding for naught the "Amended Summary Judgment" entered on August 4, 1966. No disposition of this motion has ever been made by the trial court.

It is alleged in the petition filed in this court that a Pre-Trial Conference was held determining the issues;

that the Motion for Summary Judgment was based upon the deposition of some of the parties involved and some of the witnesses, "but not all by any means, as set out in the Pre-Trial Order entered by the Court." Petitioner further states:

"In order to preserve any possible appeal rights, the Plaintiff re-filed her Motion for a New Trial pertaining to said Order of August 3, 1966, but by reason of the several hearings herein pertaining to this matter, and the two Orders granting Summary Judgment by the Respondent herein, your Petitioner has reason to believe that the Respondent will not vacate or hold for naught, the Order of August 3, 1966."

Further: "* * * several witnesses are listed in the Pre-Trial Order whose testimony would have direct bearing upon the questions of liability, * * *."

Petitioner further alleges that:

"* * * unless the Amended Summary Judgment granted by Respondent herein is set aside and held for naught, irreparable injury and damage will be afforded the Petitioner in that she cannot properly present all of the issues and all of the facts pertinent to the issues, and would, even though a Judgment be entered against either or both of the remaining Defendants, be forced to appeal that decision to this Court. Such procedure would not only be extremely costly, but time consuming and can be averted by the granting of the relief prayed for in this Petition."

In the response to the rule to show cause, respondent quotes parts of the depositions before him, and asserts that because those who gave depositions, together with one person who filed an affidavit, were the only eyewitnesses to the accident, the summary judgment was proper. Only excerpts from the hearing on the Motion for Summary Judgment are presented. We do not have before us the whole of any deposition from which the quotations are taken. We do not have the pleadings in

the case, and we do not have the Pre-Trial Order defining the issues.

Respondent asserts that a Summary Judgment is a final judgment which is subject to review on writ of error and not by an original proceeding; and that a review on writ of error of the judgment last entered by the respondent is not subject to review until the motion to grant a new trial or set it aside has been ruled on.

▮▮▮▮ The Rule to Show Cause must be discharged. From the full showing which has been made it is clear that as matters now stand in the civil action to which this proceeding is related, the defendants E. B. Millar Coffee Company and Robert L. Burleson have been adjudged free of any liability by the entry of a summary judgment in their favor. The purpose of this original proceeding is to secure an order from this court vacating the judgment entered by the trial court. The successful defendants are not made parties to proceedings in this court. They are the real parties in interest but for all that appears before this court they have no notice of these proceedings. We cannot under these circumstances grant any relief to petitioner which would adversely affect their rights. The petitioner can secure adequate review by writ of error of any final "summary" judgment which may be entered in favor of Burleson and the coffee company.

The rule is discharged.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER not participating.